FILED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

99 APR 12 AM 9: 14
U.S. DISTRICT COURT
N.D. OF ALABAMA

**RODNEY SCOTT SMITH,**            )

    **PLAINTIFF,**                )

**VS.**                            )        CV99-H-70-E

**TALLADEGA COUNTY, AL; and**      )
**SHERIFF JERRY STUDDARD, in**
**his capacity as Sheriff**        )
**Talladega County, AL,**
                                   ).
    **DEFENDANTS.**

ENTERED
APR 1 2 1999

## MEMORANDUM OF DECISION

On January 14, 1999, plaintiff commenced this action by filing a complaint in this court seeking damages under state and federal law for defendants' failure to provide plaintiff with adequate medical treatment while he was in the custody of the Talladega County Jail. Specifically, the complaint alleges that defendant Talladega County is the operator of the Talladega County Jail[1] and that defendant Jerry Studdard, the sheriff of Talladega County, is charged with the duties of operating the

---

[1] Alabama Code Section 14-6-1 is to the contrary, and the sheriff has total authority over the jail and its operation, completely independent of a county commission. See King v. Colbert County, 620 So.2d 623, 625 (Ala. 1993); Lockridge v. Etowah County Commission, 460 So. 2d 1361, 1363 (Ala. Civ. App. 1984).

county jail. The complaint charges that around January 17, 1997, "Defendants permitted, tolerated and ratified a practice by the jail attendants to render medical treatment to plaintiff," who was an inmate. It contends that "by conduct of the Jailers, deputies and other agents and employees of the Defendant Sheriff and County, Defendants failed to exercise reasonable care toward the Plaintiff."

On February 2, 1999, defendants Jerry Studdard and Talladega County separately filed motions to dismiss which, pursuant to the March 15, 1999 order, are now under submission. The motions collectively pointed out countless defects in plaintiff's alleged claims under § 1983. On April 1, 1999, plaintiff filed a one and one-half page amendment to the complaint endeavoring to address one of the more serious shortcomings in the complaint: the failure to allege that plaintiff had a serious medical condition known to the particular defendant being charged who was deliberately indifferent thereto. The amendment likely fails to correct the deficiency addressed by the amendment in that it fails sufficiently to allege knowledge on the part of each defendant being charged (particularly with regard to the county) and mentions only the "obvious medical condition" of plaintiff as opposed to plaintiff's serious medical need. There are, however,

2

far greater problems with the purported § 1983 claim in the complaint, as amended, which require the court to grant the motions to dismiss.

For a county to be responsible under § 1983 the constitutional violation must occur as a result of a policy of the county. The complaint does not charge the county with conduct consistent with a policy and also fails to identify any policymaker. Indeed, there can be no county policymaker in this action because the sheriff and deputy sheriff operating the jail, who are the only "breathing" actors named in the complaint, are state employees. For this reason, counties in Alabama have no liability under § 1983 for matters arising out of the day-to-day operations of the county jail. Turquitt v. Jefferson County, Alabama, 137 F.3d 1285, 1292 (11th Cir. 1998).

Defendant Jerry Studdard is sued in three capacities. He is sued "in his capacity as Sheriff of Talladega County," as "agent [for] Talladega County," and in his individual capacity. In Alabama, a sheriff is a state officer, not an officer or employee of the county. Because he is a state officer, the claim against him in his capacity as such officer is one over which this court has no jurisdiction by reason of the Eleventh Amendment to the U. S. Constitution. As to the § 1983 claim against Jerry

Studdard, individually, it fairs no better. The motions correctly point out that there is no <u>respondeat superior</u> liability under § 1983 and no allegation of personal involvement by him. The claim against him "as agent [for] Talladega County" adds nothing to plaintiff's § 1983 claim.

It is clear to the court that the amended complaint, filed after the filing of motions delineating each of the deficiencies discussed above, still wholly fails to state a claim against a defendant for which relief may be granted under § 1983. The claims sought to be stated thereunder against said defendants by separate order will be dismissed.

Because such order will dispose of all claims over which this court has original jurisdiction, the court will decline to exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367, and all state law claims will by that separate order be dismissed, without prejudice.

DONE this 12th day of April, 1999.

/s/ James H. Hancock
SENIOR UNITED STATES DISTRICT JUDGE